CHARLES C. STEPHENS

*v.*

ILLINOIS MUTUAL FIRE INSURANCE COMPANY.

1.   INSURANCE — *of a mortgage interest — what constitutes the same — agreement to redeem — effect of — rights of mortgagor.* A owned certain premises and mortgaged them to B; afterward, he procured insurance upon them, and then sold to C, at the same time assigning to him the policy of insurance, by consent of the company. B commenced suit for the foreclosure of his mortgage, making A and C parties, but the litigation was subsequently compromised, by an agreement in writing, that B should take a decree for an amount equal to the face of the claim, and, in consideration therefor, A and C should have *two years* from the day of sale to make redemption. A decree was entered, providing for redemption, within *fifteen months;* and sale was accordingly had, and the premises bid in by an agent of B, the mortgagee, and afterward, in about fourteen months and eight days after the sale, were destroyed by fire. In an action by C against the insurance company, to recover the amount of the insurance, *held,* that, had a third person, for a valuable consideration, and without notice, acquired title under the decree, within the two years, his rights would be governed by it, without reference to the ageeement.

2.   The premises having been purchased by the plaintiffs in the foreclosure suit, as against them, the agreement is operative.

3.   The proof shows, that the decree and agreement were made together, one being the consideration for the other, and there is no inconsistency in permitting both to stand, it being the undoubted intention to give the defendants two years' redemption.

4.   Under this agreement, the subsisting relation of mortgagor and mortgagee was substantially continued, and a tender by defendants of the redemption money at any time within the two years, would have been good.

5. At the time of the fire, C's position was that of a mortgagor, with a right to redeem; and, as such, he had a substantial, insurable interest, which estate could not have been lost until the expiration of the time for redemption.

6. It was not necessary, that the insurance company should have been a party to the agreement, and the proceedings in the suit of foreclosure and sale determine clearly that C did not thereby lose his right of redemption.

7. SALE — *at sheriff's or master's sale — when purchaser acquires new title.* In this State, a purchaser at sheriff's or master's sale acquires only a lien; no new title vests until the period of redemption has passed.

8. DEED — *relates back to commencement of lien.* But, his deed will relate back to the beginning of his lien, in order to cut off intervening incumbrances. The title only becomes absolute when the right to a deed accrues.

9. MORTGAGOR — *estate of, before and after decree and sale.* By a sale under a decree of foreclosure, the estate of the mortgagor remains the same, with this qualification, that the decree and sale, the amount and time of redemption, have become fixed, and a failure to redeem within the allotted time, divests his estate.

10. SAME — *may insure full value of the property, and having right of redemption, may recover loss.* It is well settled, that a mortgagor may insure to the full value of the property, and recover the sum insured, if, at the time of the loss he had the right of redemption; and this, even though the premises have been taken by the mortgagee.

WRIT OF ERROR to the Circuit Court of Hancock county.

The facts in this case are fully stated in the opinion.

Mr. N. BUSHNELL, for the plaintiff in error.

Mr. H. W. BILLINGS, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Stephens, against the Illinois Mutual Insurance company upon the following state of facts: On the 25th of June, 1858, the firm of Banks, Bell & Co., being the owners of certain mill property, executed a mortgage thereon for $3,400, to a firm called Gaylord, Son & Co. On the 9th of November, 1859, Banks, Bell & Co. procured from the Illinois Mutual Fire Insurance company, a policy of insurance on the mill and fixtures, for the sum of $5,000, expiring

November 9th, 1865.  On the 8th of December, 1860, Banks, Bell & Co. sold and conveyed the premises to the plaintiff, Stephens, and with the assent of the insurance company, assigned to him the policy. In May, 1861, Gaylord, Son & Co. commenced a suit to foreclose their mortgage, making Banks, Bell & Co., and Stephens, parties defendant.  On the 3d of June, 1862, a decree was rendered for the sale of the premises, and on the 2d of August, 1862, they were sold at public auction for $4,468, and bid in by the agent of Gaylord, Son & Co., the bid being applied on the decree.  On the 10th of October, 1863, fourteen months and eight days after the sale, the mill and fixtures were destroyed by fire.  This suit is brought by Stephens to recover the insurance.

There is no controversy about the facts, and the only question presented by counsel for our decision is, whether the interest of the plaintiff in the premises was so far divested by the sale, under the decree of foreclosure, that he incurred no loss from the fire, and is therefore entitled to no indemnity.

In order to determine this, we must advert to another fact in the case, upon which exclusively we base our decision.  It appears that two of the members of the firm of Banks, Bell & Co. filed answers to the bill of foreclosure, in which they set up a partial failure of consideration in the notes secured by the mortgage, and that on the 3d of June, 1862, the parties compromised the litigation by an agreement, that the complainants should take a decree for the amount due on the face of their notes, and that in consideration thereof, the defendants should have two years from the date of sale in which to make redemption.

This agreement was reduced to writing and filed among the papers in the case, and thereupon, and on the same day, a decree was entered.  It is true, this decree directs the special commissioner to make a deed if the premises are not redeemed within the statutory period of fifteen months.  If third persons, for a valuable consideration, and without notice, had acquired title under the decree within the two years, their rights would doubtless have been governed by it, without reference to this

agreement. But the premises were bid in at the sale by the agent of the complainants, and transferred to them, and as against them the decree can not be considered so far to merge the agreement as to render it inoperative. It is in proof by the counsel for the complainants in that case, who was also the special commissioner for making the sale, that the agreement and decree were all one transaction, one being the consideration for the other, as indeed appears by the face of the agreement itself. Why the decree gave only fifteen months for redemption, after two years had been agreed upon, does not appear, but it may well have been from apprehension of possible peril to the title, or of complication with other judgment creditors, if the decree on its face departed from the statutory period of redemption. There is, therefore, no such inconsistency between the decree and the agreement that they cannot both be allowed to stand. They were made together and in connection with each other, and the witness who was counsel swears that neither would have been made without the other. Notwithstanding, then, the decree directed a deed to be made at the end of fifteen months, it was the undoubted intention of the parties that the defendants should have two years for redeeming, and, notwithstanding the commissioner's deed, if the defendants in that suit had tendered to the complainants the redemption money within the two years, and in case of refusal had filed their bill, there can be no question, on the proof in this record, but that they would have been entitled to a decree for redemption. It is unnecessary, then, to consider what were the rights and relations of these parties under the statute. Under this agreement, the then subsisting relation of mortgagor and mortgagee was substantially continued. The legal title passed by the commissioner's deed, which was not made known until after the fire; but that legal title was held by the complainants subject to a right of redemption within two years from the sale.

At the time of the fire, then, the position of Stephens was substantially that of a mortgagor, with a right to redeem; or, more accurately, it was the same he would have occupied if the premises had been destroyed by fire two months and eight

days after the sale, leaving him more than nine months for redemption.

That, in this position, he would have had a substantial, insurable interest, does not admit of doubt. His estate, as mortgagor, would not have been lost until the expiration of his right to redeem. In this State, the purchaser under a sheriff's sale, upon judgment and execution, or at a master's sale, on foreclosure of a mortgage, acquires by his purchase no new title to the premises until the period of redemption has passed and he is entitled to a deed. His deed will relate back, it is true, to the beginning of his lien, in order to cut off intervening incumbrances, but it will not carry back the absolute divestiture of title, as is evident from the fact, that neither judgment debtor nor mortgagor can be called to account for rents and profits. His title becomes absolute only when his right to a deed accrues. If it is a sale under a decree of foreclosure, the mortgagor still has the estate of a mortgagor, with this qualification, that the amount and time of redemption have become absolutely fixed by the decree and sale, and his estate will be absolutely divested if he fails to redeem within the allotted time. That a purchaser under a judgment and execution acquires no new estate, but only a lien until the expiration of the period of redemption, has been several times settled by this court. *Sweezy* v. *Chandler*, 11 Ill. 445 ; *Johnson* v. *Baker*, 36 id. 98.

At the time, then, of the destruction of this mill, Stephens was a mortgagor, and it is the settled law, that a mortgagor may insure to the full value of the property, and recover the sum insured, if he had a right of redemption at the time of the loss, even though the premises have been taken out of his hands by the mortgagee. Angell on Insurance, § 58, where numerous cases to this effect are cited in the notes. That the right of redemption was in the present instance a valuable estate, is apparent from the record, which shows the mill and fixtures to have been worth, at the fire, from fourteen to sixteen thousand dollars, while to redeem them would have required but about

five thousand. This plaintiff has, therefore, been really damnified by the fire to an amount largely beyond the insurance.

It is objected, by the counsel for the defendant in error, that the insurance company was no party to the agreement to extend the redemption for two years, and cannot, therefore, be affected by it. The objection, however, is not tenable. The insurance company is sued on a policy. It defends by saying, that the plaintiff, though he once had an insurable interest, has lost it through the foreclosure of a certain mortgage older than the plaintiff's title. Now, whether the plaintiff has thus lost his title, must depend on the proceedings in the foreclosure and sale. To determine this question these proceedings are put in evidence, and on examining them, we find this agreement as a very material portion of that transaction, which the company has itself introduced to show a divestiture of title. The company seeks to show that the right of redemption was lost under a judicial sale, but the evidence offered by it shows it was not lost.

The plaintiff is entitled to a judgment for the amount of the policy and interest, from the third of February, 1864, that date being three months after notice of the loss was given. The judgment of the Circuit Court is reversed and the cause remanded, as we deem it better the judgment should be entered in the court below, notwithstanding the stipulation of the parties.

*Judgment reversed.*