### THE ÆTNA LIFE INSURANCE COMPANY
#### *v.*
### GEORGE W. BECKMAN *et al.*

*Opinion filed June 23, 1904.*

MORTGAGES—*judgment creditor of purchaser of equity·of redemption may redeem.*   A judgment creditor of a person who purchased an equity of redemption from the holder after the foreclosure sale but before the expiration of the twelve months allowed for redemption may redeem the premises prior to the expiration of fifteen months from the time of the sale.

APPEAL from the Circuit Court of Jefferson county; the Hon. P. A. PEARCE, Judge, presiding.

On August 7, 1901, the Ætna Life Insurance Company filed its bill in the circuit court of Jefferson county to foreclose a mortgage executed by George W. Beckman on certain real estate in that county.   George W. Beckman, James Mitchell, Susan Mitchell, Henry Buettner, Margaret Buettner, Ferdinand Buettner and Margaretha Buettner were made defendants.   The suit was afterwards dismissed as to the first three above named defendants.   The decree of foreclosure found that after executing said mortgage Beckman conveyed said real estate to James W. Mitchell, who, together with his wife,

afterwards conveyed it to Henry Buettner. It also found that Ferdinand Buettner and Margaretha Buettner were living on the premises and in possession thereof, and ordered the premises sold to satisfy the mortgage. At the sale held on October 21, 1901, the Ætna Life Insurance Company bid in the property for $836.18 and received a certificate of sale from the master, which, on August 28, 1902, it assigned, by a separate instrument, to William F. Nolker. On October 16, 1902, Henry Buettner and wife conveyed the property to Margaretha Buettner, wife of Ferdinand Buettner. On January 19, 1903, she confessed judgment for $2.05 in said circuit court in favor of James H. Grant and William N. Grant, partners doing business under the name of Grant Bros. On January 20, 1903, an execution was issued on this judgment and delivered to the sheriff of said county. Grant Bros. also deposited with the sheriff $918.11 for redemption from the sale under the foreclosure decree. The sheriff levied on the property the same day and afterwards sold it to Grant Bros. He tendered the redemption money to J. L. Pollack, who was the agent of Nolker, both before and after the sale under the execution, but Pollack refused to accept the money and it still remains in the hands of the sheriff.

A petition was filed by William F. Nolker to the May term, 1903, of said circuit court, alleging that more than fifteen months had elapsed since the date of sale under the foreclosure decree and that no redemption had been made, and asking for a rule on the master to show cause why he should not make a deed to Nolker for the land, and praying that the master be ordered to execute such deed upon a final hearing thereof. At the January term, 1904, of said court the Ætna Life Insurance Company was joined as petitioner with Nolker. The master set up the facts above recited, and upon a hearing the court dismissed the cause as to the Ætna Life Insurance Company, holding that it was not a proper party to the pe-

tition, and found that Grant Bros. had legally redeemed the land from the foreclosure sale as judgment creditors of Margaretha Buettner. A rule to execute a deed to Nolker was refused and the petition dismissed. Nolker prosecutes an appeal from that decree to this court.

JAMES L. POLLACK, and H. CLAY HORNER, for appellant.

ALBERT WATSON, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Within twelve months after the foreclosure sale the owner of the equity of redemption conveyed his interest, by deed, to another. No redemption was made within the twelve months. After the expiration of that period the grantee in the deed confessed judgment in favor of a creditor, who redeemed prior to the expiration of the period of fifteen months after the sale. In *Fitch* v. *Wetherbee,* 110 Ill. 475, we held, under like circumstances, that the judgment creditor of the person who owned the equity of redemption at the time the mortgage was foreclosed, if no prior redemption had been made, could redeem after the expiration of twelve months and within fifteen months, and appellant now urges that a judgment creditor of the purchaser of the equity of redemption, where the equity is transferred after the foreclosure sale, is not a judgment creditor who is entitled to redeem, his position being, that no judgment creditor has a right to redeem except a judgment creditor of the person who owned the equity of redemption at the time the foreclosure suit was instituted.

Section 20 of chapter 77 of Hurd's Revised Statutes of 1903 gives the right of redemption to "any decree or judgment creditor," without specifying whose creditor. The statute of 1845 (Rev. Stat. 1845, chap. 57, secs. 14, 24,) gave the same right to judgment and decree creditors

without specifying against whom the judgment or decree must stand. Under that statute we held in *Lamb* v. *Richards*, 43 Ill. 312, that where the mortgagor had conveyed his interest in the real estate after the execution of the mortgage but prior to the foreclosure, a judgment creditor of the grantee had the right of redemption, and while not then deciding the question, we there said (p. 315): "It may be a reasonable construction to hold, that as either the mortgagor or his grantee can, by the express language of the statute, redeem within twelve months, so, when their rights are gone, a judgment creditor of either may redeem." Under our law, after a foreclosure sale the owner of the equity of redemption still has precisely the same estate that he had prior to the decree of foreclosure. (*Stephens* v. *Illinois Mutual Ins. Co.* 43 Ill. 327; *Rockwell* v. *Servant*, 63 id. 424; *Lightcap* v. *Bradley*, 186 id. 510; *Bradley* v. *Lightcap*, 202 id. 154.) If, then, a right of redemption exists in the judgment creditor of the grantee who receives a conveyance from the owner of the equity of redemption prior to the institution of foreclosure proceedings, and if the estate of the owner of the equity of redemption is precisely the same after the foreclosure sale and prior to the expiration of the twelve months period as it was before the institution of the foreclosure proceedings, it necessarily follows that a right of redemption exists also in the judgment creditor of the grantee who takes a deed from the owner of the equity of redemption after the foreclosure sale and prior to the expiration of the twelve months period.

Appellant suggests some very interesting questions in regard to priorities between judgment creditors of the owner of the equity of redemption at the time of the institution of the foreclosure suit, and judgment creditors of his grantee who holds by conveyance made during the twelve months succeeding the sale. We will not now consider these questions as they do not arise in this case. No creditor other than the creditor of the grantee re-

deemed or attempted to redeem here. The controversy is solely between the assignee of the purchaser at the foreclosure sale and the purchaser at the execution sale made in pursuance of the redemption, and as between them the redemption was legally and properly made.

The decree of the circuit court will be affirmed. Costs in this court will be adjudged against William F. Nolker.

*Decree affirmed.*