## In re DUFFY.

### In re RAYMOND.

#### Nos. 2464–D, 2525–D.

District Court, E. D. Illinois.
Dec. 19, 1934.

Vernon G. Butz, of Kankakee, Ill., for bankrupt.

Martin, Hoose & Depew, of Bloomington, Ill., for Metropolitan Ins. Co.

LINDLEY, District Judge.

On August 9, 1934, the bankrupt filed herein a debtor's petition under section 75 of the Bankruptcy Act (11 USCA § 203) asking opportunity to endeavor to effect a composition or extension agreement with his creditors. The conciliation commissioner to whom the petition was referred reported in due course that it was impossible to effectuate such an agreement. The debtor then amended his petition and was adjudged a bankrupt, and the case was referred to the referee for administration.

The Metropolitan Life Insurance Company, on February 1, 1933, filed in the circuit court of Kankakee county its bill in equity to foreclose a mortgage upon the bankrupt's farm land. After service, on May 27, 1933, a decree of foreclosure was entered, and on August 9, 1933, a few hours short of one year before debtor filed his debtor's petition, the farm land in pursuance of said decree was sold and the sale shortly later duly approved by the court, whereupon certificate of sale duly issued. A judgment for a substantial deficiency was entered against the bankrupt.

The mortgagee has filed herein motion for leave to proceed with said foreclosure proceedings to the extent of obtaining a deed and thus to perfect its title. The bankrupt insists that the court should preserve the present status of the foreclosure proceeding until it can be determined whether or not relief can be had under subdivision (s) of section 75 of the Bankruptcy Act, the Frazier-Lemke Amendment (11 USCA § 203 (s). The mortgagee insists that it is not a creditor of the bankrupt for the reason that its debt is now merged in the decree; that the Bankruptcy Act as amended gives to the court jurisdiction of nothing except the property of the bankrupt; that under the facts stated there was remaining in the bankrupt no property right at the time the original petition was filed, and that there is none now in the bankrupt.

Section 18, chapter 77, of the Illinois statute (Smith-Hurd Ann. St.), provides that redemption by any judgment or mortgage debtor shall be made within 12 months from the date of sale. This creates in a mortgagor a statutory right of redemption wholly apart from the provisions of the mortgage. The same statute gives judgment creditors a right to redeem, in case the judgment debtor does not redeem, at any time within three months subsequent to expiration of the right of redemption in the judgment debtor. If no redemption is made by creditors within this additional three-month period, the purchaser at the sale is entitled to a deed. However, if he does not procure such deed within five years, the sale becomes void and the land reverts to the judgment debtor free of the mortgage lien.

It is the character of this right of redemption in the bankrupt with which the court is now concerned. In determining what are property rights in any state this court is bound by the law of that state, and it is contended by the mortgagee that this right is not such as may be properly termed property; that it is not property in the sense that word is used in the Bankruptcy Act, but merely a statutory privilege, possessing none of the elements of a property right.

This right of redemption has been many times discussed by the courts of Illinois. Thus in Williams v. Williston, 315 Ill. 183, 146 N. E. 143, 145, the court said: "The purchaser of land at a master's sale pursuant to a decree of foreclosure is not by his purchase

or the certificate of sale issued to him vested with the title to the land, but acquires the right to receive the redemption money, if redemption is made within the time and in the manner prescribed by the statute, or, in case no redemption is so made within that period, then to receive a master's deed. Sutherland v. Long, 273 Ill. 309, 112 N. E. 660. A master's certificate of sale does not purport to convey title, but describes the premises purchased, the amount paid therefor, and the time when the purchaser will be entitled to a deed if no redemption be made. Smith's Stat. 1923, c. 77, § 16; Lightcap v. Bradley, 186 Ill. 510, 58 N. E. 221; Allison v. White, 285 Ill. 311, 120 N. E. 809. *Both before and after the sale under a foreclosure decree the owner of the equity of redemption has the same estate in the land.* Lightcap v. Bradley, supra; Bradley v. Lightcap, 202 Ill. 154, 67 N. E. 45; Ætna Life Ins. Co. v. Beckman, 210 Ill. 394, 71 N. E. 452." The italicizing is that of this court.

In the earlier case of Ætna Life Ins. Co. v. Beckman, 210 Ill. 394, at page 397, 71 N. E. 452, 453, the court said: "Under our law, after a foreclosure sale, *the owner of the equity of redemption still has precisely the same estate that he had prior to the decree of foreclosure.* Stephens v. Illinois Mutual Ins. Co., 43 Ill. 327; Rockwell v. Servant, 63 Ill. 424; Lightcap v. Bradley, 186 Ill. 510, 58 N. E. 221; Bradley v. Lightcap, 202 Ill. 154, 67 N. E. 45."

And in the comparatively recent case of Chicago Joint Stock Land Bank v. McCambridge, 343 Ill. 456, at page 461, 175 N. E. 834, 836, the court used this language: "Both before and after a sale under a foreclosure decree the owner of the equity of redemption has the same estate in the land. Williams v. Williston, 315 Ill. 178, 146 N. E. 143; Ætna Life Ins. Co. v. Beckman, 210 Ill. 394, 71 N. E. 452. The only qualification of his estate is that the amount and time of the redemption have become absolutely fixed by the decree and sale, and his estate will be absolutely divested if he fails to redeem within the allotted time. Stephens v. Illinois Mutual Ins. Co., 43 Ill. 327. *Until the conveyance by the master the mortgagor of his grantee is entitled to the possession and use of the premises to the same extent as before the sale, and may convey them as he chooses,* but upon such conveyance by the master, the grantee becomes vested with the complete title."

And in the case of Strause v. Dutch, 250 Ill. 326, at page 333, 95 N. E. 286, 288, 35 L. R. A. (N. S.) 413, the court used this significant language: "If the grantor does not redeem within the 12 months allowed him under the statute, *he still retains an equity, which is subject to sale within the succeeding 3 months by 'any decree or judgment creditor.'*"

In Schroeder v. Bozarth, 224 Ill. 310, at page 320, 79 N. E. 583, 585, the court said: "A mortgagor, by failing to redeem, does not absolutely lose his title, and, if there is no redemption and the certificate of purchase becomes void, by virtue of the statute of limitations or otherwise, the mortgagor is then the absolute owner of the premises, not by any new title, but by the title which he formerly had."

"The premises are discharged of the lien of the mortgage, and the obligation is transformed into the new lien. Necessarily the *title is in the mortgagor, subject only to that lien;* and while, as against it, he has nothing but a right of redemption, as against all the rest of the world he is the owner. *He has a right of possession, and his estate is alienable and devisable as before.* * * * If the certificate of purchase becomes null and void by virtue of the statute of limitations, or otherwise, so that the premises are freed from the lien, the mortgagor is then the absolute owner. The lien of the mortgage and the title of the mortgagee cease by operation of law when the debt or obligation is barred by the statute of limitations." Lightcap v. Bradley, 186 Ill. 511, at page 531 and 532, 58 N. E. 221, 227.

"The certificate of sale conferred no title to the land. It was only evidence of a right to obtain the title, and as against every right except that right, and until it was exercised and a deed made, Isabelle Allison was the owner of the life estate. By failing to redeem from the master's sale she did not lose her title, and if the master's deed was not executed within the time limited by the statute she was then the absolute owner of the life estate." Allison v. White, 285 Ill. 311, at page 321, 120 N. E. 809, 812.

It would seem from these decisions rather clear that the highest court of Illinois defines the estate of the owner of an equity of redemption both before and after sale, until the time of redemption expires, as exactly the same. The rights of the creditors to levy upon such property are not the same, but that they may levy upon it is shown by the fact that, by redeeming from the sale, they may levy upon what is left which is after all only the equity of redemption.

Consequently, I conclude that the equity of redemption of the bankrupt in this case

was a property right which in the ordinary course of procedure he would have lost had he not filed his petition in this court prior to the expiration of the period provided.

■ Subdivision (n) of section 75 of the Bankruptcy Act (11 USCA § 203 (n) provides that the filing of petition for relief under section 75 shall subject the farmer and his property wherever located to the "exclusive jurisdiction of the court." This is in accord with the logic of the opinions of the Supreme Court in the case of Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215, and Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645. It is clear from these cases that, while the court must recognize the constitutional provisions which protect one's life, liberty, and property, and thus preserve all such rights as existed at the time bankruptcy intervened, yet when, how, and where such rights shall be enforced lies wholly within the jurisdiction of the bankruptcy court under its paramount jurisdiction under the Constitution. See In re Jacobs (D. C.) 7 F. Supp. 749.

■ It follows therefore that, when this debtor, in pursuance of the act of Congress giving him the right so to do, filed his petition that jurisdiction of all his property be taken over by this court, it became the court's duty, under the mandate of Congress, to exercise "exclusive jurisdiction." Such is the law as made by the Congress, and that it is within the constitutional power of Congress the Supreme Court has clearly stated in Isaacs v. Hobbs Tie & Timber Co., supra, and Gross v. Irving Trust Co., supra. It remains for the court, in pursuance of its jurisdiction, to determine at what time, in what court, and by what procedure the mortgagee shall have its rights protected. All the debtor's property is within the custody and control of the court, including his equity of redemption or right to redeem, said by the Supreme Court of Illinois to be the same after sale as before sale.

It is said, however, that the mortgagee is not a creditor. Under the decisions quoted it is not yet the owner of the land. It holds a conditional contract of purchase in which is merged its debt, but, if that decree should for cause be set aside, it surely would not be contended that the mortgagee could not thereafter insist upon its collection of its debt. It has been the owner of the land at all times since the execution of the mortgage, subject to certain conditions. Some of those conditions have been removed. But there remain conditions which have not yet been removed, and one of them is the right of the bankrupt to redeem from the mortgage now merged in a decree.

Viewing the bankruptcy amendment in connection with the remaining sections of the Bankruptcy Act and the recent amendments thereto, it seems to me evident that Congress intended to reach every kind of property interest or property right which the bankrupt then had, including rights to redeem; that Congress intended that the bankrupt should have an opportunity to preserve the then existing status of foreclosure or other insolvency proceedings until it can be determined whether any rehabilitation for the bankrupt is possible. The motive was to prevent completion of immediate foreclosures and execution sales until it should become evident that rehabilitation is impossible. This does not mean that Congress has said that mortgages shall not be enforced. It does not mean that liberty of contracts shall be interfered with or property confiscated, but it does mean that the court, within its jurisdiction and within the limits announced by the Supreme Court in the recent case of Home Building & Loan Ass'n v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481, will preserve the existing status of property rights of the bankrupt until convinced that no good purpose is being served by so doing.

■ I conclude that the mortgagee is a conditional creditor as to the amount of its purchase price, and that it is an unsecured creditor as to the deficiency judgment (under which, by the way, it could itself redeem from its own foreclosure, Strause v. Dutch, 250 Ill. 326, 95 N. E. 286, 35 L. R. A. (N. S.) 413), and that the right of the bankrupt to redeem, at the time he filed his petition, constitutes a property right within the meaning of section 75 of the Bankruptcy Act (11 USCA § 203).

Accordingly the order of the referee denying the motion of the mortgagee will be approved. The cause is again referred to the referee, with directions to proceed in accordance with this memorandum. How long the status quo shall be continued, whether or not the present lease shall be maintained, and other similar policies of administration, are not now before the court.

The facts in the case of Eugene Raymond, Bankrupt, No. 2525–D are in all ways similar to those herein, and the order there will be identical with that in this case.