**In re DAVIS.**

No. 3057.

District Court, E. D. Illinois.

Jan. 7, 1938.

Gunn, Penwell & Lindley, of Danville, Ill., and Parker, Bauer & Parker, of Effingham, Ill., for petitioner.

J. E. Dazey, of Findlay, Ill., for the bankrupt.

LINDLEY, District Judge.

The mortgagee and the receiver appointed in foreclosure proceedings instituted by such lienholder in the state court seek a review of the conciliation commissioner's order requiring the receiver to deliver all moneys in its hands to the commissioner, denying the petition of the mortgagee to dissolve an injunction heretofore entered restraining the prosecution of the foreclosure proceedings and its motions to dismiss the bankruptcy petition and to set aside the order requiring the receiver to pay to the commissioner all moneys arising from the receivership.

The mortgagee procured a decree of foreclosure and sale in the state court on May 22, 1936. In pursuance of the decree, the land was sold by the master in chancery on July 25, 1936, to the mortgagee, and thereupon a master's certificate of purchase issued; the sale being confirmed on August 13, 1936. More than a year later, on August 25, 1937, the debtor filed his petition for relief under section 75 of the Bankruptcy Act as amended. 11 U.S.C.A. § 203. The court thereupon entered the injunction complained of, restraining the master from issuing a deed to the purchaser.

Under the statutes of Illinois, Smith-Hurd Ill. Stats. c. 77, § 18, the debtor's equity of redemption expired at the end of twelve months·from the date of sale. Consequently, at the time the debtor's petition was filed, his right to redeem had expired. Thereafter, creditors might have redeemed within three months, Smith-Hurd Ill.Stats. c. 77, § 20, but at the time of the hearing before the commissioner that period had likewise expired, so that, under the Illinois statutes, in the normal course of procedure the mortgagee was entitled to receive its master's deed, there having been no redemption, Smith-Hurd Ill.Stats., c. 77, § 31.

These facts bring the case clearly within In re Lowmon, 7 Cir., 79 F.2d 887, and Wright v. Union Cent. Life Ins. Co., 7 Cir., 91 F.2d 894. By those decisions the law of this circuit is determined, and the parties to the litigation as well as the court are bound thereby. Those decisions hold substantially that the laws governing mortgages are rules of property under the state statutes, and that where a sale has been made by the state court in satisfaction of the mortgage and the debtor's period of redemption has expired, the court is without power to grant relief to the debtor. This court's original thought, as expressed in In re Duffy and In re Raymond, D.C., 9 F. Supp. 166, cannot prevail in view of the later decisions of the Circuit Court of Appeals in the two cases mentioned.

Consequently, it is ordered by the court that the injunction heretofore entered against the mortgagee, the General American Life Insurance Company, be, and the same is hereby, dissolved; that permission is granted the mortgagee to obtain its deed from the master in chancery; that the order of the conciliation commissioner directing the receiver of the state court to surrender possession of funds to the commissioner be, and the same is hereby, disapproved and reversed, without prejudice,

however, to the entry of a proper order in the future, if it shall appear at the conclusion of the receivership that funds are remaining after satisfaction of the mortgage and the deficiency decree, if any. Such matters are for the further determination of the court. An exception is allowed the debtor.