JEROME SWEEZY, appellant, *vs.* ABIEL CHANDLER, *et al.*, appellees.

*Appeal from Henderson.*

An assignee of a judgment, under our statute giving the right of redemption of realty sold under an execution to judgment creditors, within fifteen months after sale, is in contemplation of law a judgment creditor, and as such is entitled to redeem.

When real estate was sold under an execution issued on the second, in point of time, of three judgments, and afterwards an execution was issued on the oldest of the three judgments, and levied upon the same real estate which was sold, held that the purchaser under the execution issued upon the second judgment, neglecting to redeem within twelve months of the sale, under the execution on the oldest judgment, was precluded from redeeming as a judgment creditor, inasmuch as by his sale under his execution, he was no longer a judgment creditor. Held, also, that the creditor holding the junior of the three judgments, had the right of redemption under the sale on the execution issued on the oldest judgment, without having redeemed from the sale on the execution issued on the second of said judgments. Held, also, that the title acquired by redemption under the sale on the execution issued on the oldest judgment, would hold said realty in preference to the purchaser under the sale made on the execution issued on the second judgment.

Under our statute, it is not essential that a judgment should be a lien upon the estate, in order to authorize the judgment creditor to redeem from a previous sale.

This was an action in ejectment, submitted to the Judge of the Henderson Circuit Court, upon the following agreed state of facts :

The action was brought to recover lot fourteen and the east half of lot fifteen, in block sixty-eight, in the town of Oquawka, in said county.

It was agreed that the plaintiff showed on the trial the following title, to wit, a judgment in the Circuit Court of Warren county, rendered on the 13th November, A. D. 1843, in favor of J. B. Camden *et al.*, against John Harris, for the sum of $2,103; a sale on the 15th day of August, 1844, of said lots, to the plaintiffs below, upon an execution issued on said judgment from the Circuit Court of Warren county, and a deed from the sheriff, made on the 18th day of August, 1846 ; and that said judgment, levy and sale were in all respects regular. It was agreed that the defendant below showed on the trial the following title, to wit, a judgment against the said John Harris, rendered on the 27th May, 1842, and a sale by virtue thereof on the 9th day of August, 1845, to one Henry Jennings, of the lots in controversy, upon an execution dated 17th July, 1845, issued from the Circuit Court of Henderson county ; also, a judgment in the Henderson Circuit Court in favor of Martin Thayer against the said John Harris, rendered June 3, 1844, and an assignment of the same to Charles M. Harris, on the 12th February, 1846 ; also, an execution, in due form of law, on said judgment, dated 6th

November, 1846, directed to the sheriff of Henderson county, and a certificate of redemption, which redemption was made by virtue of said judgment and execution; also a levy of said execution, in due form of law, on said lots, and a sale of said lots by the sheriff, by virtue of said execution, to the said Charles M. Harris, on the 22d January, 1847; also a deed, in due form of law, from the sheriff of Henderson county to said Charles M. Harris, for said lots, dated 24th March, 1847, executed, by virtue of the sale to him, on the 22d January, 1847.

It was admitted that executions were issued upon all the aforesaid judgments, within a year and a day of the rendering of each. It was admitted that the levy made on the execution, in favor of Camden *et al.*, was duly recorded in Henderson county. It was also agreed, that possession of the defendant below was under one Charles M. Harris, and that plaintiffs and defendant claim title from John Harris, the father of Charles M. Harris.

Upon this agreed case, Purple, Justice, found against the defendant, and rendered judgment accordingly, at May term, 1849. Defendant below appealed, and assigns for error, the judgment against him, and in deciding that he had no right to redeem from the sale, and the judgment in favor of Hughes.

WILLIAMS & LAWRENCE, for appellant.

BROWNING & BUSHNELL, for appellees.

Opinion by Mr. Justice CATON:

The decision of this case involves a construction of our statute authorizing judgment creditors to redeem. The premises in controversy are situated in Henderson county, and originally belonged to J. Harris, against whom three judgments were obtained. The first was recovered by Hughs, in the Henderson Circuit Court, on the 27th of May, 1842. The second was in the Warren Circuit Court in favor of the Chandlers, and recovered on the 13th of November, 1843; and the third was in favor of Thayer, and recovered in the Henderson Circuit Court on the 3d of June, 1844. An execution was issued on the second judgment, which was levied on the premises in question, and a certificate of the levy filed with the recorder of Henderson county, on the 20th of November, 1843, and the premises

sold, on the 15th of August, 1844, to the plaintiffs below, who obtained a sheriff's deed on the 18th of February, 1846. On the 17th of July, 1845, the plaintiff in the senior judgment issued an execution, which was levied on the same premises, and under which they were sold to Jennings on the 9th of August, 1845. On the 12th of February, 1846, Thayer, the plaintiff in the youngest judgment, assigned the same to C. M. Harris, who, on the 6th of November, 1846, issued an execution, and on the same day redeemed from the sale under the oldest judgment, and levied his own execution upon the same premises, under which they were again sold, and he became the purchaser on the 22d of January, 1847, and took a sheriff's deed on the 24th of March following.

The question is, had the assignee of the youngest judgment a right to redeem from the sale under the senior judgment, and thus cut out or overreach the title acquired under the second judgment. The levy under the second judgment was prior to the date of the youngest judgment, which, however, become a lien upon the premises before the sale under that levy, but from that sale no redemption was ever attempted. The redemption from the sale under the senior judgment, by the assignee of the youngest judgment, was after the expiration of twelve months and before the expiration of fifteen months from the date of that sale. The purchasers under the first sale never redeemed the premises from either the sale under the oldest or the youngest judgment. By the sale under the second judgment that became satisfied, and the plaintiffs ceased to be judgment creditors, and became purchasers, and as such alone had they a right to redeem from the sale under the senior judgment. Hence their right of redemption was gone, and the title which they had acquired irrevocably lost, at the expiration of the twelve months, although they have still a right to insist upon their title until a better one is legally obtained under the senior judgment, and therefore they contest the right of the assignee of the youngest judgment to redeem from, and thus acquire a title under the oldest judgment.

By section 14, chapter 57, R. S., it is provided that "after the expiration of twelve months, and at any time before the expiration of fifteen months, from the sale of any lands or tenements under the provisions of the preceding sections hereof,

it shall be lawful for any judgment creditor to redeem the same in the manner following." The section then directs the same course to be pursued which was followed in this case. The sixteenth section provides that "any judgment creditor or creditors may redeem the whole or any part or portion of the lands or tenements previously sold upon execution." The twenty-second section provides that it shall be the duty of the sheriff, when a redeeming creditor shall be entitled to a deed, " to execute a deed to such creditor as the original purchaser, and such deed shall be as valid and effectual in law as if such creditor had been the original purchaser."

Two objections are urged why the defendant below was not authorized to redeem : first, because the statute does not authorise an assignee of a judgment to redeem; and second, that the lien of the youngest judgment was extinguished by the sale and expiration of the time of redemption, under the second judgment, and that without such lien he had no right to redeem. The first objection is answered by the case of Van Rensalaer *vs.* Sheriff, &c., 1 Cowen, 443, where it was held that the assignee of a judgment was a judgment creditor in contemplation of law, and as such entitled to redeem. This decision was made before the statute of New York authorized, in terms, such assignee to redeem, and is an authority directly in point, with the reasoning of which we are satisfied. In support of the second objection, numerous decisions of the Supreme Court of New York have been referred to, the facts of some of which are, as to this question, precisely analagous to the facts of this case, where it has been held that the right of the youngest judgment creditor had been cut off by the sale under the intermediate judgment. *Ex parte* Stevens, 4 Cowen, 133. But the decisions to which we have referred are all put expressly upon the ground that the judgment creditor claiming to redeem had lost his lien upon the premises. By the New York statute a lien is expressly required, but by ours it is not. Now, do they both mean the same thing? That is the question. Our statute, and that of New York making judgments liens upon the defendant's real estate, are alike, except as to the duration and territorial extent of the liens created. Both create liens upon the lands of defendants, but after a limited time the liens shall cease as against *bona fide* purchasers and subsequent incumbrances. See R. S. Ill., chap.

57, sections 1 and 2; R. S. N. Y., Part 3, chap. 6, sec. 3. But, as before remarked, their statute authorizing judgment creditors to redeem, differs very widely from ours, for that requires that the decree or judgment "shall be a lien and charge upon the premises sold," while ours authorizes "any judgment creditor" to redeem. We do not feel authorized to add to our statute the substantive and important requirement which is omitted here, and inserted there. Should we construe our statute like that of New York, and allow no judgment creditors, but those whose judgments are liens upon the premises sold, to redeem, we should cut off the right of redemption to creditors whose judgments are in other counties than that in which the land lies; for in this state the liens of judgments do not extend beyond the counties in which they are rendered. It may be answered that such judgment creditors may take their executions into the foreign counties, and by making a levy entitle themselves to the right of redemption. But this is not so, for they could not thereby make their judgments liens. No liens is created, even by the actual levy of such an execution, nor does such levy become effectual as to creditors and *bona fide* purchasers, we shall presently see, until a certificate of the levy is filed with the recorder. In such a case it would be the levy and filing of the certificate that would create the lien, (if it may be so called) and not the judgment; and to the former alone would the title relate back. There was, then, a most substantial reason why the legislature should not make the right of redemption depend upon the existence of a lien created by the judgment. When, as in this state, judgments are only docketed in the counties where they are rendered, the lien could not be extended beyond the county, else no person could safely purchase real estate without examining the records of judgments of every county in the state; and yet to allow the right of redemption only to judgment creditors within the county, would not be affording the full measure of relief contemplated. The object of the legislature in allowing judgment creditors to redeem, was to prevent a sacrifice of the defendant's estate, and to make it pay as many of his debts as possible; and to allow as many of his judgment creditors as could, to secure the payment of their judgments, by making an advance, which the defendant could not or would not make himself. When this beneficial purpose can be effected,

without injury to the rights of others, it should be allowed, so far as the provisions of the statute will fairly authorize it.

The twenty-fifth section of the act provides, that when an execution is issued to a foreign county, and is levied on lands, the sheriff shall make and file in the recorder's office a certificate of the levy, "and until the filing of such certificate such levy shall not take effect as to creditors and *bona fide* purchasers without notice." This shows that a judgment in another county never can become a lien, although the levy may "take effect." But should we adopt the New York statute, and then, to help it out, hold that by filing the certificate of the levy the judgment become a lien from that date, the difficulty would be but partially removed. For then a creditor with a judgment in another county, prior to the Chandler judgment, or even senior to that of Hughs, would be cut off from redeeming from the sale under the latter altogether; for he could not have levied his execution for the purpose of redeeming until after twelve months from the date of the sale, for before that time a judgment creditor would have no right to redeem, and after that time had expired the title under the Chandler judgment had become perfect, and hence his levy could never take effect, for then the judgment debtor had no estate left upon which it could operate, and so no lien could ever be created under the judgment.

Suppose, in this case, that the premises had not, upon the first sale, sold for enough to satisfy the second judgment, the Chandlers would still have been judgment creditors as to the portion of their judgment which was unsatisfied; yet, by the sale, the entire lien of that judgment upon the premises would have been lost, as was decided in *ex parte* Stevens, above referred to, and hence, according to the New York rule, their right of redemption as judgment creditors was gone with it. They could only have redeemed as purchasers, and within twelve months from the date of the sale under the senior judgment. It would have been the same thing under their statute if a third person had purchased and acquired a title under the first sale; and yet, if such purchaser had allowed the twelve months to expire without redeeming, we can see no good reason why the Chandlers ought not to be allowed to redeem, and thus secure the payment of the balance due on their judgment. The purchaser at

their sale who, although he had the first right to redeem, having neglected to avail himself of it, could not complain, for he could not be prejudiced, and the purchaser under the senior judgment would have no more right to complain than as if there had been no sale under the second judgment, for by that sale his rights were not diminished, nor should they be augmented. All the reasons which could be urged in support of the right of the Chandlers to redeem, for the unsatisfied portion of their judgment, apply with equal-force in favor of the right of the junior judgment creditor to redeem, in this case. They would be judgment creditors, and so was he. His lien had been extinguished, and so was theirs. Harrison *vs.* Deggert, 8 John., 393; *ex parte* Stevens, 4 Cowen, 133. Their claim would be no more meritorious than his. Both would be equally within the words of the statute.

It was urged, with great apparent plausibility, that before the execution on Hughs' judgment was levied on these premises, they had ceased to be the " lands, tenements or real estate" of the judgment debtor, by the sale under the Chandler judgment, and that it is only where the defendant's estate has been sold, and there is some interest of the defendant upon which the redeeming creditor's execution can be levied, that the latter is authorized to redeem and again sell the premises. But it was satisfactorily answered, that the judgment creditor can never redeem until the judgment debtor's rights are entirely gone, by the expiration of the twelve months within which he might have redeemed. The redemption, therefore, is never of the defendant's present estate, nor is the sale under the junior judgment of the defendant's interest. The whole proceeding is the exercise of a statutory right, which has been provided as well for the benefit of the judgment creditors generally as of the debtor. But the words of the act authorizing the redemption, as well as the whole scope and intention of the law, answer the objection. The fourteenth section authorizes any judgment creditor to redeem "from the sale of any lands or tenements under the provisions of the preceding sections," &c. The generality of these words would seem to make it immaterial whether the creditor had any remaining interest in the premises or not.

The New York Courts have given their statute a most liberal construction, so as to extend the right of redemption as far as

possible, (*ex parte* Perry Iron Co., 7 Cowen, 540,) and we should not deny the right to the party whose case is within the words of the act and the manifest objects of the law. The question undoubtedly is an important one, as calling upon us, for the first time, to construe a statute which must exercise so important an influence over the rights of parties. It may be that cases may arise in which it will be necessary to limit the very general expressions of this act, but this, we are clear, is not such a case. We do not wish to be understood, however, as deciding any thing beyond the case before us.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded.

*Judgment reversed.*