Flora Strause, Appellee, *vs.* Mae E. Dutch *et al.* Appellants.

*Opinion filed April 19, 1911—Rehearing denied June 8, 1911.*

1. Mortgages—*foreclosure sale extinguishes lien of mortgages on which the suit is predicated.* A sale under a foreclosure decree extinguishes the lien of the mortgages upon which the suit is predicated, but the debt is not extinguished as to such portion as remains unsatisfied from the proceeds of the sale.

2. Same—*mortgagee may obtain deficiency decree or sue at law for balance due.* If mortgaged property does not sell at the foreclosure sale for enough to satisfy the mortgage debt, the creditor, if personal service has been had upon the debtor, may obtain a deficiency decree upon which execution may issue or he may sue at law and recover a judgment for the balance due.

3. Same—*mortgagee having deficiency decree is on same footing with other decree or judgment creditors.* A mortgagee who obtains a deficiency decree upon which an execution is ordered to issue stands upon the same footing as any other decree or judgment creditor and may employ the same means to enforce the decree, not by virtue of any lien of the mortgage but because of the personal liability of the mortgagor to pay the full mortgage debt.

4. Same—*object of redemption is to prevent sacrifice of debtor's property.* The object of the statute in allowing a decree or judgment creditor to redeem from· a foreclosure sale is to prevent a sacrifice of the debtor's estate and to allow as many of the judgment creditors as can, to secure payment of their judgments by making an advance which the debtor cannot or will not make.

5. Same—*failure of mortgagor to redeem within twelve months does not deprive him of all interest.* Failure of a mortgagor to redeem within twelve months from the sale does not deprive him of all interest in the premises as he still has an equity of redemption, which is not extinguished until the full period for redemption is passed and a deed is issued to the purchaser.

6. Same—*mortgagee having deficiency decree authorizing execution may redeem.* A mortgagee having a deficiency decree upon which execution is authorized to issue has a right to redeem as a decree creditor after twelve and within fifteen months from the foreclosure sale, though the mortgagor has not redeemed.

7. Same—*equity of redemption does not exist by virtue of the mortgage.* A mortgagor's equity of redemption does not exist by virtue of the mortgage but is purely statutory, and if he does not

redeem within the twelve months allowed him by the statute no reason exists why such equity may not be subjected to sale under the statute by "any decree or judgment creditor" who will reimburse the purchaser at the sale, as prescribed by the statute.

FARMER, CARTWRIGHT and VICKERS, JJ., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

CHARLES C. DUTCH, for appellants:

An execution issued upon a deficiency decree, based upon a balance due after a foreclosure sale, cannot be levied upon the premises foreclosed unless the premises have been redeemed by some person primarily liable on the mortgage debt. *Seligman* v. *Laubheimer*, 58 Ill. 124; *Ogle* v. *Koerner*, 140 id. 170; *Lightcap* v. *Bradley*, 186 id. 510; *Bradley* v. *Lightcap*, 201 id. 511; *McCullough* v. *Rose*, 4 Ill. App. 149; *Barry* v. *Harnesberger*, 148 Fed. Rep. 346.

The rule that "a person cannot redeem from his own sale by virtue of a judgment or decree evidencing a balance due, for the satisfaction of which he caused to be made the prior sale," is not only established in Illinois but in nearly all other States. *Horn* v. *Bank*, 125 Ind. 381; *Clayton* v. *Ellis*, 50 Iowa, 590; *Hayden* v. *Smith*, 58 id. 285; *Todd* v. *Davy*, 60 id. 532; *Spurgeon* v. *Adamson*, 62 id. 664; *Johnson* v. *Johnson*, Walker's Ch. 330; *Lauriat* v. *Stratton*, 6 Sawyer, 339; *Hershey* v. *Dennis*, 53 Cal. 77.

A redemptioner acquires no right to proceed against the premises redeemed unless he has a judgment or decree enforceable against the premises by execution, levy and sale. *Johnson* v. *Baker*, 38 Ill. 98; *Borders* v. *Murphy*, 78 id. 81; *Clingman* v. *Hopkie*, 78 id. 152; *Mulvey* v. *Carpenter*, 78 id. 580; *Meyer* v. *Mintonye*, 106 id. 414; *McIlwain* v. *Karstens*, 152 id. 135; *Bank* v. *Mickelberry*, 244 id. 77.

A redemption by virtue of void process relieves the premises from the lien of the certificate of purchase, and

the title to the premises is vested in the mortgagor discharged of that lien and the effect of the sale. The purchaser at such a redemption sale acquires no possessory rights or title, for the doctrine of *caveat emptor* applies to redemption sales the same as it applies to other sales. *Johnson* v. *Baker,* 38 Ill. 98; *Meyer* v. *Mintonye,* 106 id. 414; *McIlwain* v. *Karstens,* 152 id. 135; *Schroeder* v. *Bozarth,* 224 id. 310; *Lightcap* v. *Bradley,* 186 id. 510.

In an action of forcible entry and detainer, the defendants, under the plea of not guilty, can attack the validity of the process by virtue of which the plaintiff has received a sheriff's deed. In such case the burden is upon the plaintiff to prove a valid judgment, execution, levy and sale. *Johnson* v. *Baker,* 38 Ill. 98; *McIlwain* v. *Karstens,* 152 id. 135; *Fitzgerald* v. *Quinn,* 165 id. 354; *Kepley* v. *Luke,* 106 id. 395; *Kratz* v. *Buck,* 111 id. 40; *Peters* v. *Balke,* 170 id. 304.

JACK, IRWIN, JACK & MILES, and RADLEY & RADLEY, for appellee:

There is no rule of law in this State by which one is not allowed to redeem from his own sale. The Supreme Court of this State has held such redemptions to be valid. *Tewalt* v. *Irwin,* 164 Ill. 592; *Ogle* v. *Koerner,* 140 id. 170.

Where premises have been redeemed by the mortgagor or judgment debtor from a foreclosure or execution sale, they can again be sold for the satisfaction of an unpaid balance on the mortgage or judgment under which they were originally sold. *Ogle* v. *Koerner,* 140 Ill. 170; *Lightcap* v. *Bradley,* 186 id. 510; *Barry* v. *Harnesberger,* 148 Fed. Rep. 346.

A judgment creditor made a party to a foreclosure suit has the right to redeem after twelve months and within fifteen months from the foreclosure sale. *People* v. *Bowman,* 181 Ill. 421; *Wehrheim* v. *Smith,* 126 id. 346.

The Supreme Court has always consistently held that the redemption statute should be given a liberal construction. *People* v. *Bowman,* 181 Ill. 421; *Boynton* v. *Pierce,* 151 id. 198; *Blair* v. *Chamblin,* 39 id. 521; *Insurance Co.* v. *Beckman,* 210 id. 394; *Massey* v. *Westcott,* 40 id. 161; *Oldfield* v. *Eulert,* 148 id. 614.

If the purchaser accepts the redemption money the redemption will be held valid. *Smith* v. *Jackson,* 153 Ill. 399; *Pearson* v. *Pearson,* 131 id. 464; *Meyer* v. *Mintonye,* 106 id. 414; *Blair* v. *Chamblin,* 39 id. 521; *Massey* v. *Westcott,* 40 id. 161.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellee, Flora Strause, brought suit in forcible entry and detainer in the circuit court of Peoria county to recover possession of certain premises from the appellants, Mae E. Dutch and Charles C. Dutch. On a hearing before the court on stipulation of the facts judgment was rendered for appellee. This judgment was affirmed by the Appellate Court for the Second District. Having secured a certificate of importance, appellants have appealed from that judgment.

Appellants executed three trust deeds to the premises in question. The first and third in point of priority were given to secure notes held by the Interstate Bank and Trust Company for $5000 and $2500, respectively, and the second was to secure a note held by Arthur Keithley for $3000. The Interstate Bank and Trust Company brought suit to foreclose its first and third trust deeds, to which suit Keithley was made a party. Decree of foreclosure was entered at the May term, 1907. By this decree the amount due on each of the three trust deeds was found, a sale of the premises ordered, and the proceeds of the sale were directed to be applied, first, to the payment of the note secured by the first trust deed; second, to the payment of the note secured

by the second trust deed held by Keithley; and third, to
the payment of the note secured by the third trust deed.
The decree also provided that if the amount realized should
not be sufficient to pay the full amount of the indebtedness
due the Interstate Bank and Trust Company it should be
entitled to a deficiency decree for the balance. The prem-
ises were sold under this decree for an amount sufficient to
pay in full the note secured by the first trust deed and the
costs of the suit and $400, which was applied on the Keith-
ley indebtedness. The property was purchased by Edgar A.
Strause, the husband of appellee. The sale was confirmed
on September 11, 1907, and the Interstate Bank and Trust
Company thereafter secured a deficiency decree against ap-
pellants for the sum of $2686.90, which decree provided
"that plaintiff have execution therefor as upon a judgment
at common law." No deficiency decree was entered in fa-
vor of Keithley. Neither the appellants nor any other per-
sons authorized to do so by the statute redeemed from the
sale within twelve months. On August 15, 1908, the In-
terstate Bank and Trust Company sued out an execution
on its deficiency decree, paid to the sheriff the amount re-
quired to redeem from the master's sale, (which amount
was accepted by Edgar A. Strause,) and caused the execu-
tion to be levied upon the premises as provided by statute.
On October 13, 1908, the premises were sold under this ex-
ecution to appellee, and on December 13, 1908, the sheriff,
in pursuance of the certificate of purchase issued at the time
of the sale, executed to appellee a deed to the premises. It
is under this deed that appellee claims title.

The only question for our determination is, whether a
mortgagee who has secured a deficiency decree after the
sale of the mortgaged property in foreclosure proceedings
is such a decree creditor as is entitled, under the statute, to
redeem the premises sold.

Upon the sale of the premises to Strause under the fore-
closure decree the liens of the two trust deeds upon which

the foreclosure suit was predicated were extinguished. Those liens no longer existed, and the complainant in the foreclosure suit had secured every benefit possible to be secured under such liens. The debt itself, however, was not extinguished. A portion of it remained unsatisfied by reason of the failure of the property to sell for the full amount of the indebtedness. Under such circumstances the creditor, if personal service has been had upon the debtor, may have a deficiency decree for the balance due, upon which execution may issue as on a money decree, (Hurd's Stat. 1909, chap. 95, sec. 16,) or he may bring his action at law and secure judgment for the balance due. Such deficiency decree or judgment is secured by no lien whatever. It is not based upon the lien of the mortgage, but upon the personal liability of the mortgagor to pay the full amount of the indebtedness secured by the mortgage. A creditor with such a decree or judgment is on the same footing with any other decree or judgment creditor of the debtor, and is entitled to employ the same means to enforce his decree or judgment.

Our statute, after making provision for the redemption of property sold under execution or decree by any defendant, his heirs, administrators, assigns, or any person interested in the premises through or under him, within twelve months after the sale, provides: "If such redemption is not made, any decree or judgment creditor, his executors, administrators or assigns may, after the expiration of twelve months and within fifteen months after the sale, redeem the premises," etc. (Hurd's Stat. 1909, chap. 77, sec. 20.) Under this statute, which is plain and unambiguous in its terms, the Interstate Bank and Trust Company had a clear right to redeem the premises. To hold otherwise would not only have the effect of limiting the decree or judgment secured for the deficiency and putting it in a class by itself, but would work a hardship on the debtor. We have repeatedly held that a liberal construction is to be given to our

redemption laws, to the end that the property of the debtor may pay as many of the debtor's liabilities as possible. (*Schuck* v. *Gerlach,* 101 Ill. 338; *Whitehead* v. *Hall,* 148 id. 253; *Strauss* v. *Tuckhorn,* 200 id. 75.) The object in allowing judgment creditors to redeem is to prevent a sacrifice of the debtor's estate, and to·allow as many of his judgment creditors as can, to secure the payment of their judgments by making an advance which the debtor cannot or will not make himself. (*Sweezy* v. *Chandler,* 11 Ill. 445.) In this case appellants did not redeem, but their failure to redeem within twelve months did not deprive them of all interest in the premises. They still had an equity, which would not be extinguished until the full period of redemption had passed and a deed had issued to the purchaser. (*Lightcap* v. *Bradley,* 186 Ill. 510.) It is a matter of common knowledge that real estate values, either from general or local causes, make sudden and material advances. To deprive a creditor in a deficiency decree of the right to redeem as a judgment creditor might in many instances prevent the debtor from securing the full value of his equity and the extinguishment of his debt.

It is insisted that a creditor cannot redeem from his own sale. No such general rule has been laid down by this court. On the contrary, in *Tewalt* v. *Irwin,* 164 Ill. 592, it was held that a creditor might redeem from his own sale. In that case Lagow foreclosed his mortgage against Tewalt. While the statutory period of redemption was running Tewalt died. The probate court allowed a claim against the estate in favor of Lagow. He assigned the claim to his attorney, who sued out a special execution and redeemed from the foreclosure sale. It was there contended that the redemption was, in fact, by Lagow and that he could not redeem from his own sale, but we held that a mortgagee who was also a creditor under a separate claim might redeem the premises from his own foreclosure sale, thus placing him in the same class with other debtors. The

precise question here involved has never been presented to us for decision, but we can perceive no difference, in principle, between the case at bar and the *Tewalt case, supra.* Under the statute, Lagow, in the *Tewalt case,* secured no greater rights by his judgment against the estate of Tewalt than were secured by the Interstate Bank and Trust Company through its deficiency decree. They were creditors with equal rights and on an equal footing.

By a mortgage or trust deed the grantor makes a conditional sale of his premises. Upon a failure of the grantor to comply with the conditions of his mortgage deed the grantee may foreclose and thus terminate the grantor's equity of redemption from his conditional deed. By foreclosure all the equity retained by the grantor by virtue of his conditional deed is extinguished, but by the statute the grantor in the conditional deed is given a further equity of redemption. This equity of redemption does not exist by virtue of the mortgage but is purely statutory. If the grantor does not redeem within the twelve months allowed him under the statute he still retains an equity, which is subject to sale within the succeeding three months by "any decree or judgment creditor" who will reimburse the purchaser at the sale, in the manner prescribed by the statute. There exists no reasonable foundation for a rule which would prevent the grantee in the conditional deed from subjecting this statutory equity to sale under his deficiency decree, and the statute plainly includes such a decree creditor within its terms.

In support of their contentions appellants rely, among other cases, upon *Seligman* v. *Laubheimer,* 58 Ill. 124, *Ogle* v. *Koerner,* 140 id. 170, *Lightcap* v. *Bradley, supra,* and *DeWitt County Bank* v. *Mickelberry,* 244 id. 77. The question here presented was not before us in any of those cases, and what was said there was said in reference to the matters then presented for our decision. Our holding here,

however, in no way conflicts with the holdings in those cases, but, on the contrary, is in entire harmony with them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

FARMER, CARTWRIGHT and VICKERS, JJ., dissenting:

In our opinion the decision of the court in this case is contrary to our previous decisions and lays down a very harmful rule on the subject of redemption by judgment or decree creditors,—a rule not sustained, as we read and understand the decisions, by reason or authority. We do not agree that the statute gave the bank "a clear right to redeem the premises." The eighteenth section of the chapter on judgments and decrees (Hurd's Stat. p. 1365,) authorizes redemption by the mortgagors, or anyone interested in the premises through or under them, within twelve months. By the twentieth section it is provided that if redemption is not made by those authorized to redeem the premises within twelve months, "any decree or judgment creditor" may redeem within three months after the expiration of the twelve months. The opinion of the court holds that the bank was, at the time it redeemed, a decree or judgment creditor by reason of the fact that its decree was not satisfied by the sale, and as to the balance due, as found by the deficiency decree, it was a decree or judgment creditor within the meaning of the statute, and had full power and authority to redeem by virtue of the deficiency decree. To our minds it seems clear the legislature never intended by the use of the words "any decree or judgment creditor," to authorize such a creditor to make successive sales of the debtor's property by bidding at the first sale less than the amount of the decree, and then redeem from his own sale and re-sell the property which had been previously sold by virtue of, and to satisfy, the same decree. The bank procured a decree authorizing it to sell the premises to satisfy its mortgages. When it sold at the foreclosure sale the

purpose of obtaining the decree was accomplished, the authority given by virtue of the decree executed and the property discharged from all liability to be sold again to satisfy a portion or balance of the same decree, and the situation was not avoided or altered by authorizing an execution to issue for a deficiency. If the mortgagor had other property liable to execution it could be sold to satisfy the deficiency, but the mortgaged premises could not lawfully be again sold to pay the same debt. The deficiency was a part of the same decree to satisfy which the mortgaged premises had been once sold. Redemption laws are to be construed liberally, but this does not require our statute to be construed to place the mortgagor at the mercy of the mortgagee. The result of the construction given the statute by the court will lead to harsh and unjust consequences never contemplated or intended by the legislature. The decree in this case authorized the sale of the property for the payment of the entire amount due the bank on both of its mortgages. It did not authorize two sales, nor successive sales until the debt was paid. The bank presumably knew the value of the property and had it in its power to bid its fair cash value, and the presumption is that it did so. It was not intended by the statute on redemption, and is contrary to the policy of the law, that a mortgagee be permitted, at the foreclosure sale, to suffer the property to be sold for less than its fair value, and if not redeemed by the mortgagor, or some one claiming through or under him, that then the mortgagee may redeem from the sale made by him and again sell the same property for the payment of a part of the same indebtedness. To permit this to be done would subject the mortgagor to great disadvantage. His property may be sold for less than its value and less than the amount of the decree it is sold to satisfy. If he does not redeem from the sale and no one else redeems, the title will pass from him without his having received the value of it in satisfaction of his indebtedness. If he re-

deems, then the property is again subject to be sold to satisfy the remainder due under the decree. If the bank had the right to redeem under a deficiency decree, it had the right, and it would be the right of any other mortgagee in a foreclosure sale, to pursue that course and make it possible to acquire title to the property for less than its fair value, and leave the debtor liable for a part of the amount that would have been satisfied if he had received the benefit of the value of the property by the sale under the decree. This view is sustained by *Seligman* v. *Laubheimer,* 58 Ill. 124, *Ogle* v. *Koerner,* 140 id. 170, and *Lightcap* v. *Bradley,* 186 id. 510.

This court said in the *Ogle case,* on page 179: "A mortgage, or, as in this case, a deed of trust in the nature of a mortgage, vests in the party secured a lien upon the mortgaged premises. By virtue of that lien the mortgagee is entitled to have the mortgaged property sold under a decree of foreclosure and the proceeds of the sale applied to the payment of the debt secured. This is the mode provided by law for the enforcement of the lien, and when the lien has been once enforced by the sale of the property, it has, as to such property, expended its force and accomplished its purpose and the property is no longer subject to it. * * * When the redemption is made by a party primarily liable on the mortgage debt, it may be that the same property may be resorted to again for the purpose of subjecting it to the payment of an unpaid balance due on the mortgage; but that is not because of any right to enforce the mortgage lien against the same property a second time, but because of the rule of law which subjects all the property of a debtor to the payment of his debts until they are satisfied in full. But where the redemption is made by a party not liable upon the mortgage debt, the mortgage lien having been exhausted, the property cannot be subjected a second time to the satisfaction of the same lien. * * * It is idle for the senior mortgagee to urge that the property

redeemed is, in fact, worth much more than the price for which it was sold at the foreclosure sale. He was a competent bidder at such sale, and therefore had it in his power to bid the property up to its fair cash value, and if he failed to do so, a presumption arises, from which he cannot escape, that the property sold for what it was reasonably worth. At any rate, the mortgagee under whose decree the mortgaged property is sold, in the absence of all irregularity and unfairness in the sale, must be conclusively held to the price bid as a full equivalent for and satisfaction of his lien, and having received the proceeds of the sale he becomes a mere stranger to the property."

In *Lightcap* v. *Bradley* the court approved the *Ogle case,* and said (p. 526) : "The sale of premises under a decree of foreclosure, where the decree does not expressly save any right to resort to the land again, is an absolute discharge of the premises from the lien. In the absence of a provision for another sale the premises will be discharged, even from unmatured portions of the debt. (*Rains* v. *Mann,* 68 Ill. 264.) Such a sale is a sale of the land and of all interests, both that which the mortgagor had at the execution of the mortgage and the interest of the mortgagee and other parties to the suit. It is made by the court as vendor, and a sale discharges the land from the lien and transforms it into the statutory lien by the certificate of purchase."

In the case of *Tewalt* v. *Irwin,* 164 Ill. 592, cited in the opinion of the court, no question of a sale under a deficiency decree or a sale to satisfy a balance on a decree under which the premises had been previously sold was involved.

In our opinion the judgment of the circuit court and the judgment of the Appellate Court are wrong and should be reversed.