Harry S. Gilbert, Appellee, v. Dora K. Smith et al., Appellants.

Gen. No; 16,220.

1. REDEMPTION—*rights of mechanic's lien creditor.* A mechanic's lien creditor whose lien is established in a foreclosure suit and who has been given a deficiency decree after the sale is entitled to enforce his decree or judgment in the same way as any other decree or judgment creditor of the debtor, that is to say, under section 20 of chapter 77, providing for redemption after 12 and before the expiration of 15 months from sale, he may redeem.

2. REDEMPTION—*when scheme to hinder lawful creditor illegal.* A mortgagor cannot after the expiration of the period of redemption provided for his benefit, undertake some scheme with a person, not his creditor, whereby he and such person may realize money out of the mortgaged premises.

Bill in chancery. Appeal from the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 6, 1912.

ADKINSON & HIBBEN, for appellants.

HARPER E. OSBORN, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

A bill in chancery was filed by the appellee, as complainant, against the appellants, as defendants, seeking to set aside and to declare null and void the redemp-

tion of the appellant, the Henry O. Shepard Co., from a sale by a master in chancery of certain described property, formerly owned by the appellant, Dora K. Smith, and a decree requiring the appellant Christopher Strassheim, as sheriff, to sell said premises in accordance with the statute to satisfy a judgment in favor of the appellee and against the appellant Dora K. Smith for $701.51 together with interest thereon, the sale by the master in chancery having been made in a foreclosure proceeding brought by one Charlotte M. Fischer against the appellant, Dora K. Smith, upon a trust deed theretofore given by the said Dora K. Smith. Answer was filed by the defendants, and after a hearing before the chancellor a decree was entered substantially in conformity with the prayer of the bill. By the decree the complainant was required to pay to the Henry O. Shepard Co. the sum of $2,490.98, paid to the sheriff by the Shepard Company at the time of the attempted redemption by that company. The decree enjoined the defendants, Dora K. and Edward G. Smith, Edward K. Findley and Henry O. Shepard Co., from interfering with the rights of the complainant, and restrained Christopher Strassheim, as sheriff, from issuing a deed to the holder of the sheriff's certificate of sale made July 6, 1909, upon an execution issued on a judgment against the said Dora K. Smith. This decree the appellants seek to have set aside by this court.

From the record in the case it would appear that Charlotte M. Fischer filed her bill on May 20, 1907, to foreclose a trust deed on the premises in question, making Dora K. Smith and others parties defendant; that the property was sold on May 25, 1908, for enough to satisfy the mortgage indebtedness to the said Fischer; that on June 20, 1908, appellee recovered a judgment against the appellants Dora K. and Edward G. Smith for $701.51; that Dora K. Smith did not redeem within the twelve months allowed by statute; that

about one week prior to the expiration of the twelve
months Edward G. Smith, who was the husband of
Dora K. Smith, represented to the appellee 'that he
had a *bona fide* purchaser for the property, and re-
quested appellee to assign his judgment and not to
redeem; that afterwards Gilbert agreed to assign his
judgment for $475 or $500; that said Edward G. Smith
was informed that Gilbert intended to redeem from the
master's sale unless he (Gilbert) should receive the
$500 in cash; that on June 1, 1909, Edward G. Smith,
who was indebted to the Shepard Company on the
balance of a note for $450, and also upon a small open
account, called on the Shepard Company and informed
its officers that he would try to get his wife to assume
this indebtedness; that on the same day, namely June
1, 1909, Smith and his wife called on the officers of the
Shepard Company and Mrs. Smith informed them that
she was at one time the owner of the property in ques-
tion and that her right to redeem from the master's
sale had expired May 25, 1909; that the officers of the
Shepard Company were informed that it would take
about $2,500 to redeem from the master's sale, and
that the property was worth from $3,750 to $4,000;
that Mr. and Mrs. Smith advised the officers of the
Shepard Company that this was the only property
which they had and that they could give no other se-
curity for the Shepard debt; that if the Shepard Com-
pany would pay Mrs. Smith $650 cash she would sign
a judgment note for $1,240, and would also execute
another for $1,100 to her son, Edward K. Findley, the
judgment upon which, when entered, would be assign-
ed to the Shepard Company as further security; that
thereupon Mrs. Smith endorsed the old $450 note of
Mr. Smith, and she and her husband executed a new
note dated June 1, 1909, for $131.26, the amount of
the open account, the note being payable on demand;
that on June 5, 1909, Dora K. Smith executed her two
judgment notes as agreed, one for $1,240.33 to the

Shepard Company and one for $1,100 to Findley, both due on demand, and delivered said notes to the Shepard Company, which turned them over to its attorney; that on June 9, 1909, judgment was entered on the two notes and an assignment of the $1,100 judgment taken from Findley to the Shepard Company; that the entry of the judgments was attended to by the attorney for the Shepard Company, and an execution on the Shepard Company judgment for $1,240.33 placed in the hands of the sheriff, the sheriff being paid the amount necessary to redeem from the master's sale; that thereafter there was paid to the attorney representing Dora K. and Edward G. Smith the sum of $650.53. The sheriff's sale was had on July 6, 1909. The complainant testified that at the time of the sheriff's sale he told the purchaser that he (Gilbert) would contest the sale on the ground of fraud. One of the attorneys for the appellants was called as a witness by the complainant and testified as to the amount paid the sheriff, and further that the balance, "some $650," was paid to Mr. Hazen (attorney for Mr. and Mrs. Smith) June 9, 1909, after judgment had been taken on the two notes and after redemption from the master's sale was had.

It is strenuously argued by the appellants that the appellee, Harry S. Gilbert, was at the time of the filing of the bill in no position to redeem. The argument is that because the judgment upon which he claimed the right to redeem was one entered in the suit for foreclosure of the trust deed, in which suit his mechanic's lien was established and allowed, he was not the possessor of such a judgment as entitled him to redeem the property under section 20 of chapter 77 of the statutes, which provides for redemption after twelve months and within fifteen months after the sale by decree or judgment creditors, etc. It is asserted that having proved his mechanic's lien in the foreclosure suit, his right to subject the property to sale

in order to satisfy his lien was exhausted when the sale was had in that proceeding, and that the allowance to him by the final decree in the case of a deficiency decree and judgment did not put him in the class of judgment creditors whose right to redeem is provided for in said section 20. It is argued that for that reason he should have redeemed under section 18 of the same chapter, which provides for redemption within twelve months by the mortgagor or some one claiming under the mortgagor. The case of DeWitt Co. Bank v. Mickleberry, 244 Ill. 81, is cited as authority upon the proposition. Since the briefs were filed in the case now before us the particular point has been passed upon by the Supreme Court in Strause v. Dutch, 250 Ill. 326. In that case it was held that a mortgagee who has secured a deficiency decree after the sale of the mortgaged property in foreclosure proceedings, is such a decree creditor as is entitled under the statute to redeem the premises sold. It follows necessarily that a mechanic's lien creditor whose lien is established in a foreclosure suit and who has been given a deficiency decree after the sale is also entitled to enforce his decree or judgment in the same way as any other decree or judgment creditor of the debtor. Whatever our views upon the question might otherwise be, we are bound by the majority opinion in the case last referred to.

The next question to be considered is as to the relative rights of the appellee, Harry S. Gilbert, and the appellant, the Henry O. Shepard Company, in the matter of the redemption from the foreclosure sale and their right to have a sale of the property in satisfaction of their respective judgment liens upon it. If it is assumed that the Henry O. Shepard Company had a valid lien, then Gilbert, under section 24 of chapter 77 of the revised statutes, had, as a senior creditor, the preference in the matter of redemption for two days next after the expiration of the twelve months.

It is, in our opinion, conclusively shown in the record that Gilbert intended to exercise and would have exercised this right but for the fact that he was negotiating for a settlement of his claim with the defendant, Edward G. Smith. At the time the defendant, the Henry O. Shepard Company, had no judgment against the defendant, Dora K. Smith, and was in no position to make redemption and cause a sale of the property to be had in satisfaction of any debt or judgment existing in its favor and against the said Dora K. Smith. It appears that the defendants, Edward G. Smith and Dora K. Smith, went to the officers of the Shepard Company and informed them in some respects as to the property in question. It does not appear that the officers of the Shepard Company were informed of the existence of the lien of the complainant. The negotiations with the Shepard Company resulted in the giving of a judgment note by Dora K. Smith to the Shepard Company of $1,240.33. Of this amount about $589.50 was represented by an old indebtedness owing by Edward G. Smith to the Shepard Company. At the time of the execution of the judgment note by Mrs. Smith no money was paid to her or anyone representing her. It was not until after judgment had been entered upon the note and an execution placed in the hands of the sheriff, and the sheriff had been paid the amount necessary to redeem from the master's sale, that the balance of the amount of the note, namely $650.53, was paid to the attorney for Mrs. Smith.

We make no mention of the judgment note for $1,100 made by Mrs. Smith to her son, the defendant Findley, upon which judgment was taken and assigned by Findley to the Shepard Company, because, in our opinion, it becomes unimportant in view of the other facts and circumstances of the case.

The attorney representing the Shepard Company at the time the judgment note was taken presumably knew of the deficiency decree or judgment of the appel-

lee, Gilbert. It was a matter of record. Manifestly section 20 above referred to was intended simply for the benefit of creditors of the mortgagor. It was never, in our opinion, contemplated that under this section a mortgagor might, after the period of redemption provided for his benefit by section 18 of the statute had expired, enter into some scheme with a person not his creditor, whereby he and such person could realize something out of the mortgaged premises. A decree or judgment suffered to be taken under such circumstances with the intent of delaying, hindering or defrauding a *bona fide* creditor of the mortgagor, we believe to be within the inhibition of section 4 of chapter 59 of the revised statutes, and under that statute void as against such a creditor.

On June 5, 1909, when the judgment note was executed by Mrs. Smith in favor of the Shepard Company for $1,240.33, Mrs. Smith was not indebted to that company in that amount. It is true that a few days before she had signed an old note made by her husband, part of which was unpaid, and had executed a new note payable on demand, for an open account owing by him to the Shepard Company. It was not until after judgment had been entered on the note and an execution placed in the hands of the sheriff that the Shepard Company paid her the $650.53. In the case of Strauss v. Tuckhorn, 200 Ill. 75, it was held that the owner of an equity of redemption may confess judgment for the express purpose of enabling the judgment creditor to redeem the premises, provided there is a *bona fide* existing indebtedness from him to such judgment creditor. In that case, however, the master in chancery had found, and the court below had sustained his finding, that there was a *bona fide* indebtedness. In the case before us the court specifically found after hearing the evidence in open court that "there was no valid indebtedness then due from said Dora K. Smith on the said $1,240 note at the time said

judgment was rendered and said redemption was made, and that the said Harry S. Gilbert continued to have the right to redeem from the said master's sale.'' We agree with the learned chancellor in his conclusion in this regard.

For the reasons stated, the decree will be affirmed.

*Decree affirmed.*