(No. 23845.— )

W. E. Crowder, Appellant, vs. The Scott State Bank of Bethany *et al.* Appellees.

*Opinion filed December 10, 1936.*

J. C. Willard, and William H. Craig, for appellant.

Frank J. Thompson, Robert F. White, and W. C. Ingram, for appellees.

Mr. Justice Farthing delivered the opinion of the court:

This appeal is from a judgment in favor of defendants, the appellees, in an ejectment suit in the circuit court of Moultrie county. In that court, on November 4, 1931, the appellee bank obtained two judgments against John S. Smith, in the first of which his wife, Addie M. Smith, was also a judgment debtor. Appellant, Crowder, obtained a

judgment against Smith in the same court five days later. The three judgments were obtained in vacation, and executions were issued on all three judgments within one year. The bank also had an execution issued on its judgment for $3028.57 on April 4, 1934, and an execution issued on March 21, 1934, on its judgment for $10,766.50. Both these executions were in the hands of the sheriff at the time of the levy upon and sale of the lands in question on June 2, 1934. The bank bid $100 and received a certificate of sale covering this real estate. The sale was under the executions on both the bank judgments. The appellant, as a judgment creditor, redeemed from the sale on June 3, 1935, and received a redemption certificate. That day the bank also redeemed and received a redemption certificate. Both the bank and Crowder caused the premises to be advertised for sale after these redemptions and there were two sales of the property. Both the bank and Crowder later received sheriff's deeds to the land in question. At the sale pursuant to his redemption Crowder bid only the redemption money and costs but under its sale the bank bid $4000. The stipulation of facts presents the single question, viz., Did the Scott State Bank have the legal right to redeem the lands in question from its own sale?

Section 20 of "An act in regard to judgments and decrees, and the manner of enforcing the same by execution, and to provide for the redemption of real estate sold under execution or decree," approved March 22, 1872, (Laws of 1871-72, p. 505; 77 S. H. A. 20; State Bar Stat. 1935, chap. 77, par. 20;) provides that if the debtor does not redeem, "any decree or judgment creditor, his heirs, executors, administrators or assigns may, after the expiration of twelve months and within fifteen months after the sale, * * * redeem the premises in the following manner," etc. Section 24 of the same act deals with preferences in redemption and gives the first right to redeem to "the creditor having the senior judgment or decree" for the first

two days next following the expiration of twelve months from the date of sale. Other creditors are next given the right of preference to redeem for a similar time in the order of seniority of their judgments and decrees. It is also provided that where two or more judgments or decrees bear equal date the creditor first paying the redemption money shall have preference. These judgments were obtained in vacation, before section 13 of the above mentioned act was amended in 1933. The bank's judgments were obtained on the same day and were therefore equal, but they were prior to Crowder's judgment, which was obtained five days later.

In *Tewalt* v. *Irwin*, 164 Ill. 592, a mortgagee foreclosed and purchased the mortgaged premises at the sale. Later he obtained a judgment on a claim against the deceased mortgagor's estate. He obtained the issuance of a special execution and under it redeemed the premises from the first sale to him. We held that the mortgagee could redeem from his own sale, the same as any other creditor. At page 596 we said: "Lagow was a judgment creditor, and we can see nothing in the fact of his holding a certificate which was a prior lien that should place him in a more unfavorable position than other creditors. A creditor may have several liens affected with different rights of priority, but he does not lose rights under a junior lien because of his ownership of a superior one. The redemption resulted in a sale at an enhanced price, which inured to the benefit of Tewalt's estate, and we see no objection to it."

In *Sweezey* v. *Chandler*, 11 Ill. 445, 450, in discussing the status of a judgment creditor whose sale results in only a partial satisfaction of the amount due on his judgment, we said: "Suppose, in this case, that the premises had not, upon the first sale, sold for enough to satisfy the second judgment, the Chandlers would still have been judgment creditors as to the portion of their judgment which was unsatisfied."

In *Strause* v. *Dutch,* 250 Ill. 326, Edgar A. Strause, a stranger to the mortgage, bought the mortgaged property on foreclosure. The sale was confirmed, and the mortgagee bank obtained a deficiency decree against the mortgagors and execution was issued on this deficiency judgment. Shortly after twelve months from the date of sale had expired the bank sued out an execution, redeemed from the foreclosure sale and the sheriff levied on the mortgaged premises, which were sold under this levy to Flora Strause, the wife of Edgar A. Strause. There, as here, the question was whether the bank could redeem from the first sale in an effort to obtain satisfaction of the deficiency due it. In that decision we pointed out the fact that under the statute the bank had a clear right to redeem the premises after the expiration of twelve months from the date of sale, and that to hold otherwise would not only have the effect of limiting the decree or judgment obtained for the deficiency but would put such deficiency judgment in a class by itself, and that it would also work a hardship on the debtor. We said that a liberal construction must be given our redemption laws, to the end that the debtor's property may reach as far as possible in extinguishing his debts. (*Schuck* v. *Gerlach,* 101 Ill. 338; *Whitehead* v. *Hall,* 148 id. 253; *Strauss* v. *Tuckhorn,* 200 id. 75.) We also pointed out that although a mortgagor fails to redeem within the twelve months following a foreclosure sale he still has an equity of redemption, which can be reached by a decree or judgment creditor. (*Lightcap* v. *Bradley,* 186 Ill. 510.) At page 332 we said: "It is a matter of common knowledge that real estate values, either from general or local causes, make sudden and material advances. To deprive a creditor in a deficiency decree of the right to redeem as a judgment creditor might in many instances prevent the debtor from securing the full value of his equity and the extinguishment of his debt. It is insisted that a creditor cannot redeem from his own sale. No such general rule has been

laid down by this court. On the contrary, in *Tewalt* v. *Irwin*, 164 Ill. 592, it was held that a creditor might redeem from his own sale."

In support of his contentions appellant relies on *Seligman* v. *Laubheimer*, 58 Ill. 124, *Ogle* v. *Koerner*, 140 id. 170, and *Lightcap* v. *Bradley*, 186 id. 510. In *Strause* v. *Dutch, supra,* we pointed out that these decisions were not in point and they are not in point in the case before us.

Appellant also relies on *Sweezey* v. *Chandler*, 11 Ill. 445, where we said: "By the sale under the second judgment that became satisfied, and the plaintiffs ceased to be judgment creditors, and became purchasers, and as such alone had they a right to redeem from the sale under the senior judgment. Hence their right of redemption was gone." However, we have already pointed out the fact that in that same decision we said that if the amount bid by the holders of the second judgment at their sale on execution had not been enough to pay their judgment in full, they would still have remained judgment creditors. The facts in the *Sweezey case* are entirely different from those before us, and our holdings in the *Tewalt* and *Strause cases* require that we hold that the appellees had a right to redeem, just the same as any other judgment creditor would have had who had not purchased the lands in question at the original execution sale.

Appellant's sale resulted only in a bid of the redemption money paid by him. The debtor, Smith, obtained no credit thereby on the debt due Crowder or any other creditor. Following redemption at its sale the bank bid $4000. Smith, the debtor, for whose benefit, in part at least, the redemption statutes were enacted, is entitled to have the benefit of this additional $4000 in satisfaction of his debts. The Scott State Bank's judgments, although satisfied in part by the earlier sales of personal property and real estate, remained senior to the judgment of Crowder. The bank had the priority in right to redeem within the first two days

following the expiration of twelve months from the sale of the land in question, and having redeemed and re-advertised this land for sale and having become the purchaser at the second sale, it obtained the title when the sheriff made it the deed to the land.

The judgment of the circuit court of Moultrie county is therefore affirmed. *Judgment affirmed.*