(No. 25961.-

BETSEY NUDELMAN, Appellant, *vs.* RAYMOND E. CARLSON *et al.* Appellees.

*Opinion filed February 18, 1941.*

URION, BISHOP & SLADKEY, (JEROME J. SLADKEY, and ALFRED B. BUSCH, of counsel,) for appellant.

HARRY A. BIOSSAT, and EGBERT ROBERTSON, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing appellant's complaint for want of equity. The contest is between judgment creditors of Floyd W. Sullivan and arises out of appellees' redemption from a foreclosure sale and appellant's claim that such redemption was void and that she has a right of redemption. A sheriff's deed was issued to appellees on their redemption and appellant's attack on the redemption challenges the validity of the deed. Appellees stand to gain or lose a freehold and the case is properly here by direct appeal.

April 8, 1930, Floyd W. Sullivan was the owner of certain real estate located in Chicago. On that date, he executed instruments creating three mortgage or trust deed

liens to secure the payment of certain indebtedness. The priority of the liens was established as first, second and third. May 10, 1930, Sullivan conveyed the premises sub· ject to the mortgage liens to Georgia W. Bibb and has never reacquired the title. In 1932, the third mortgage lien was extinguished by a foreclosure of the second mortgage. Appellant's assignor owned the third mortgage and was made a party to the foreclosure of the second. He filed an answer and set up his mortgage indebtedness. The decree of foreclosure fixed the amount due on the third mortgage and directed that any surplus remaining after the payment of the second mortgage should be paid on the third. Nothing was received on the third mortgage and no deficiency judgment was taken in the foreclosure proceeding.

September 9, 1936, a decree of foreclosure was entered foreclosing the first trust deed and directing a sale of the premises. October 26, 1937, the property sold for $28,000 and a deficiency judgment of more than $90,000 was entered against Floyd W. Sullivan. The deficiency judgment was entered in the name of a trustee for the benefit of all the holders of the bonds secured by the trust deed. Appellees Joseph Z. Willner and Harry A. Biossat, acting through appellee Ray E. Carlson, acquired certain interests and became beneficially interested in the deficiency judgment. They obtained an order of court severing their fractional part of the deficiency judgment from the remainder held by the trustee. This was followed by an attempted assignment by the trustee to appellees of the part of the judgment so set off to them. There being some irregularity in the assignment, appellees obtained a note from Floyd W. Sullivan for the amount of their judgment. They gave him to understand that they expected to put the note in judgment and use it for redemption from the foreclosure sale. They agreed they would not undertake to collect on the deficiency decree. October 25, 1938, the

note was placed in judgment in the superior court of Cook county and the amount thereof was the same as appellees' deficiency judgment, with interest. After the expiration of the twelve-months' redemption period from the foreclosure sale, appellees effected a redemption from the sale, using the superior court judgment as a basis. A deed was issued to appellee Carlson, but it is conceded that appellees Willner and Biossat are the real parties in interest.

December 12, 1938, appellant, as assignee of the holder of the indebtedness secured by the third mortgage, obtained a judgment in the municipal court of Chicago and caused an execution to be issued thereon. She first attempted to cause a levy to be made on the premises and to effect a redemption from the mortgage foreclosure sale, thereby ignoring the redemption which had previously been made by appellees and the sheriff's deed which they had received and which was then a matter of record. Later, appellant filed the instant suit seeking to vacate the redemption made by appellees and to set aside the sheriff's deed as being void. After the taking of evidence the court dismissed appellant's complaint for want of equity. This appeal is from that decree.

The question presented is as to the validity of appellees' redemption. Appellant contends that since the judgment upon which appellees redeemed was for part of the same indebtedness evidenced by the deficiency judgment, appellees are, in effect, deficiency judgment creditors, and that, under the law, a deficiency judgment creditor can not redeem from his own foreclosure sale where the judgment debtor is out of title of the premises which is the subject of redemption. Appellees' contention is that a deficiency judgment creditor is a judgment creditor within the meaning of section 20 of the Judgments act (Ill. Rev. Stat. 1939, chap. 77, par. 20) and has a right of redemption the same as any other judgment creditor and that such right exists even though the judgment debtor is out of title. Appellees

say that if it should be determined their redemption was invalid, then appellant has no right of redemption, for her judgment is the unpaid balance of the third mortgage lien and that appellant's judgment is the same as that of a deficiency judgment creditor, and that if appellees have no right of redemption where the judgment debtor is out of title, then appellant has no right of redemption for the same reason.

The contentions made require a consideration of the validity of appellees' redemption and the views taken will make it unnecessary to consider whether appellant could redeem after appellees' redemption and deed were set aside.

Section 20 of the Judgments act, *supra,* provides "If such redemption is not made [redemption under section 18] any decree or judgment creditor, his heirs, executors, administrators or assigns may, after the expiration of twelve months and within fifteen months after the sale * * * redeem the premises in the following manner."

Did the judgment which appellees obtained against Floyd W. Sullivan in the superior court constitute them "any decree or judgment creditor" within the meaning of that term as used in section 20? The fact that the note upon which the judgment was rendered was executed at the request of appellees for the avowed purpose of using it for redemption from the foreclosure sale made no difference, for it is well settled that a mortgagor has a right to confess judgment for a *bona fide* indebtedness for the purpose of enabling a creditor to redeem. (*Williams* v. *Williston,* 315 Ill. 178; *Kufke* v. *Blume,* 304 id. 288.) There is no question but that the note was supported by a consideration and was for a *bona fide* indebtedness. The fact that the note was executed after the foreclosure sale did not prohibit its use for redemption purposes, for it has been held that a redemption may be made upon a judgment recovered upon an indebtedness incurred subsequent to the expiration of the debtor's period of redemption. (*Kerr* v.

*Miller,* 259 Ill. 516.) The fact that the judgment was for the same indebtedness included in the deficiency decree would not prevent its being used as a basis for redemption from the foreclosure sale.

In *Strause* v. *Dutch,* 250 Ill. 326, it was held that a mortgagee who obtains a deficiency decree against a mortgagor in a foreclosure proceeding stands in the same position as any other decree or judgment creditor of the mortgagor and has a right, under the statute, to redeem from his own foreclosure sale. This case was followed in *Crowder* v. *Scott State Bank of Bethany,* 365 Ill. 88. Under the holdings in the foregoing cases, it is clear appellees were judgment creditors in the sense that term is used in section 20, and it makes no difference whether their judgment be considered as a separate and independent judgment or treated as a deficiency decree. The fact that Sullivan disposed of the title to the premises prior to the foreclosure proceedings would not change their *status* as judgment creditors.

The right of a judgment creditor to redeem is statutory, and does not depend upon any judgment lien on the land to be redeemed. *Heinroth* v. *Frost,* 250 Ill. 102; *Level* v. *Goosman,* 285 id. 347; *Garden City Sand Co.* v. *Christley,* 289 id. 617.

The appellant recognizes the law to be that a deficiency judgment creditor has a right of redemption from a foreclosure sale as was held in the *Dutch* and *Crowder cases,* but seeks to make a distinction based upon the fact that in those cases the mortgagor continued in title, while, in the instant case, Sullivan had disposed of his title several years prior to the foreclosure proceeding. Although the mortgagor remained in title in the cases referred to, that fact did not form the basis of the holding, and no distinction was made between cases where the mortgagor was in title and those in which he had disposed of his title prior to the foreclosure proceeding.

This court has passed upon the right of a judgment creditor, other than a deficiency judgment creditor, to redeem from a foreclosure sale where the mortgagor was out of title when the foreclosure proceedings were instituted and it was held that since the basis of a judgment creditor's right to redeem came from the statute and not from a lien, the right of redemption existed regardless of whether the mortgagor was in or out of the title. (*Fitch* v. *Wetherbee,* 110 Ill. 475; *Schuck* v. *Gerlach,* 101 id. 338; *Chicago Savings Bank* v. *Coleman,* 283 id. 611.) In the *Fitch* case it was said: "Plainly then, any decree or judgment creditor of a mortgagor may redeem from the mortgage sale, where no one having a right to redeem the property within twelve months from the date of the sale elects to exercise that privilege. And it makes no difference whether the mortgagor had conveyed his equity of redemption or whether it had been sold on execution before the foreclosure sale."

If a judgment creditor, other than a deficiency judgment creditor, has a right of redemption under section 20 regardless of whether the judgment debtor was in or out of title, we can perceivie of no good reason for making a distinction based upon such fact when the right of redemption by a deficiency judgment creditor is involved. The statute which gives a judgment creditor the right of redemption makes no such distinction. Appellant refers to cases such as *Seligman* v. *Laubheimer,* 58 Ill. 124, *Ogle* v. *Koerner,* 140 id. 170, and *Lightcap* v. *Bradley,* 186 id. 510, as giving support to her contention. The same contention was made in *Strause* v. *Dutch, supra,* and *Crowder* v. *Scott State Bank of Bethany, supra,* and it was there said that the holding in those cases was in accord with the view expressed in the cases cited.

Appellant urges that to permit the holder of a deficiency judgment creditor to redeem from his own sale sanctions a procedure which tends to depress the sale price of property sold at foreclosure sales. Such result will not follow

the adoption of such a rule, for, under section 18 of the Judgments act, the mortgagor and those who hold through and under him have twelve months following the foreclosure sale within which to redeem. Their rights of redemption precede the redemption rights of judgment creditors and if the mortgagee permits the property to be sold at the foreclosure sale for less than its fair value, he takes the risk of permitting one who has a lien subordinate to his rights under his mortgage, to establish a priority over his rights as a deficiency judgment creditor. If he does not protect his rights by bidding the fair value of the property he can not be heard to complain that his bid was too low, for it is conclusive against him. (*Ogle* v. *Koerner, supra; Gaskins* v. *Smith,* 375 Ill. 59.) By such redemption, the money paid by the purchaser at the foreclosure sale is returned to him with interest, the mortgagor and those holding through and under him have lost no rights and the equity in the property has been applied to the payment of the mortgagor's indebtedness. It has been repeatedly held that the redemption laws should be liberally construed to the end that the property of the debtor may pay as many of the debtor's liabilities as possible. *Schuck* v. *Gerlach, supra; Whitehead* v. *Hall,* 148 Ill. 253; *Crowder* v. *Scott State Bank of Bethany, supra.*

There is no good reason, either from the wording of section 20 of the Judgments act, or the application of equitable principles, whereby a deficiency judgment creditor who has a right of redemption from a foreclosure sale where the mortgagor continues in title does not have such right where the mortgagor has parted with his title prior to the foreclosure proceeding.

For the reasons stated the decree of the circuit court is affirmed.

*Decree affirmed.*